1  COOLEY LLP
   LOWELL D. MEAD (223989)
2  (lmead@cooley.com)
   3175 Hanover Street
3  Palo Alto, CA 94304-1130
   Telephone: (650) 843-5000
4  Facsimile: (650) 849-7400

5  SAMUEL K. WHITT (284770)
   (swhitt@cooley.com)
6  1299 Pennsylvania Avenue NW
   Suite 700
7  Washington, DC 20004-2400
   Telephone: (202) 842-7800
8  Facsimile: (202) 842-7899

9  **Attorneys for Petitioner Heidi Keefe**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HEIDI KEEFE SUBPOENA | Case No. _____ <br><br> **PETITIONER HEIDI KEEFE'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA AND FOR A PROTECTIVE ORDER** <br><br> Hearing Date: TBD <br> Hearing Time: TBD <br> Courtroom: TBD <br> Judge: TBD |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

PETITIONER'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER AND TO
QUASH DEPOSITION SUBPOENA

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

    I.     INTRODUCTION ............................................................................................................ 1

    II.    FACTUAL BACKGROUND .......................................................................................... 2

    III.   LEGAL STANDARDS .................................................................................................... 5

    IV.   ARGUMENT .................................................................................................................... 8

          A.     Topia Fails To Demonstrate Any Reasonable Relevance in Burdening Ms. Keefe With a Deposition. ...................................................... 8

          B.     Any Discovery Relating to Egnyte Should Have Been Obtained From Egnyte, the Defendant in the Underlying Action. .............................. 9

          C.     The Deposition Subpoena Is Untimely. ...................................................... 10

    V.    CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
   300 F.R.D. 405 (C.D. Cal. 2014) ................................................................................................ 6, 8

*Asetek Danmark A/S v. CoolIT Sys. Inc.*,
   No. 19-CV-00410-EMC (LB), 2021 WL 4699170 (N.D. Cal. Oct. 8, 2021) ........................ 6, 8

*Audio MPEG, Inc. v. HP Inc.*,
   No. 16-mc-80271-HRL, 2017 WL 950847 (N.D. Cal. Mar. 10, 2017) ................................. 6, 8

*Elec. Scripting Prod., Inc. v. HTC Am. Inc.*,
   No. 17-CV-05806-RS (RMI), 2021 WL 3773607 (N.D. Cal. Aug. 25, 2021) ................ *passim*

*Ericsson Inc. v. D-Link Corp.*,
   No. 6:10-CV-473, 2013 WL 12171970 (E.D. Tex. Dec. 20, 2013) ....................................... 7, 8

*Free Stream Media Corp. v. Alphonso Inc.*,
   Case No. 17-cv-02107-RS (KAW), 2017 WL 6209309 (N.D. Cal. Dec. 8,
   2017) ..................................................................................................................................... 6, 10

*Immunex Corp. v. Sanofi*,
   No. CV172613SJOPLAX, 2018 WL 11211727 (C.D. Cal. Jan. 18, 2018) .......................... 7, 8

*Lemberg Law LLC v. Hussin*,
   No. 3:16-mc-80066-JCS, 2016 WL 3231300 (N.D. Cal. June 13, 2016) ................................ 5

*MedIdea, L.L.C. v. DePuy Orthopaedics, Inc.*,
   No. CV 17-11172-LTS, 2018 WL 4039359 (D. Mass. Aug. 23, 2018) ............................... 7, 8

*Topia Technology, Inc. v. Egnyte, Inc.*,
   C.A. No. 21-1821-CJB (D. Del.), D.I. 1 ..................................................................... *passim*

*Unigene Labs., Inc. v. Apotex, Inc.*,
   No. C07-80218 SI, 2007 WL 2972931 (N.D. Cal. Oct. 10, 2007) ........................................... 6

*United States v. C.B.S., Inc.*,
   666 F.2d 364 (9th Cir. 1982) ...................................................................................................... 5

**Statutes**

35 U.S.C.
   § 101 ................................................................................................................................... 2, 3, 9
   § 316(a)(5)(B) ............................................................................................................................. 7

Cooley LLP
Attorneys at Law

ii.

Case No. 3-19-cv-00410-EMC
[Proposed] Order Granting Defendants'
Administrative Motion to Seal

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P.
    26 ............................................................................................................................................ 7
    26(b) ........................................................................................................................................ 5
    26(c) ............................................................................................................................. 1, 5, 6
    26(c)(1) .................................................................................................................................... 5
    45 ............................................................................................................................................ 1
    45(d)(3) ................................................................................................................................... 6
    45(d)(3)(A)(iv) ....................................................................................................................... 5

COOLEY LLP
ATTORNEYS AT LAW

iii.

PETITIONER'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER AND TO
QUASH DEPOSITION SUBPOENA

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that as soon as this matter may be heard, in this Court, located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 9410, Petitioner Heidi Keefe ("Ms. Keefe"), will and hereby does move pursuant to Federal Rules of Civil Procedure 26(c) and 45 for an Order quashing the deposition subpoena directed to Ms. Keefe by Topia Technology, Inc. ("Topia"), dated November 15, 2023, purporting to command Ms. Keefe to appear for a deposition at 9:00 am at the offices of Knobbe Martens, 333 Bush Street, 21st Floor, San Francisco, CA 94104 (Ex. 1 (hereafter, "Deposition Subpoena")), and for entry of a Protective Order that Topia's requested deposition of Ms. Keefe will not go forward in this or any other District Court.

The parties met and conferred regarding the subject matter of this Motion on November 29, 2023, and Topia indicated that it opposes this motion.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and exhibits referenced herein, the [Proposed] Order filed concurrently herewith, and upon such other and further matters, papers, and arguments as may be submitted to the Court at or before the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This motion arises from a vexatious history of abusive litigation tactics pursued by Topia, a patent assertion entity that has pursued multiple patent litigations over the past two years. This motion seeks to quash the Deposition Subpoena served by Topia to non-party Ms. Keefe. Ms. Keefe is a practicing attorney and partner at Cooley LLP ("Cooley") in Palo Alto. In its demand to burden Ms. Keefe with a deposition, Topia fails to demonstrate any reasonable relevance of the requested discovery to the underlying patent action between Topia and Egnyte, Inc. ("Egnyte") in the District of Delaware (Case No. 21-cv-1821-CJB) ("*Egnyte*"). Ms. Keefe has no connection to the *Egnyte* action other than that she briefly appeared as outside counsel for Egnyte to argue one motion hearing nearly a year ago. Topia apparently seeks to depose Ms. Keefe in an improper

attempt to circumvent discovery rules and a protective order of the U.S. Patent Trial and Appeal Board ("PTAB") adopted in certain *inter partes* review proceedings ("IPRs") challenging the validity of patents asserted by Topia.

Ms. Keefe respectfully requests that the Court quash Topia's subpoena and enter a protective order to protect Ms. Keefe from further harassment in this matter.

## II. FACTUAL BACKGROUND

This matter arises out of a patent litigation campaign pursued by Topia against Egnyte, Box, Inc. ("Box") and Dropbox, Inc. ("Dropbox"). Egnyte, Box, and Dropbox are unrelated companies who offer products and services for online file storage and collaboration.

In late 2021, Topia filed the *Egnyte* action in Delaware and actions against Box and Dropbox in the Western District of Texas. The actions against Box and Dropbox were transferred to this District, the home venue of Box and Dropbox, and assigned to Judge Corley. Case Nos. 23-CV-00062-JSC, No. 23-CV-00063-JSC. Those actions are currently stayed pending completion of IPR proceedings. In the district court actions, Ms. Keefe and Cooley represent Box.

In the *Egnyte* case, Egnyte has been represented from the beginning by its own outside counsel. In addition, Ms. Keefe filed an appearance on behalf of Egnyte in late 2022 solely to argue, at a hearing in December 2022, a motion under 35 U.S.C. § 101 that the asserted patents were invalid for being directed to patent-ineligible subject matter. *See, e.g.*, Declaration of Lowell Mead ("Mead Decl."), Ex. 2, IPR2023-00427, Ex. 1029, public version of Ms. Keefe's declaration before the PTAB, ¶¶ 3-5. Ms. Keefe subsequently filed a notice of withdrawal of her appearance in the *Egnyte* action. Ms. Keefe has not represented Egnyte on any issue other than that one motion hearing. *Id.*, ¶ 5.

Ms. Keefe and Cooley also represent Box and Dropbox in IPR proceedings filed against Topia's asserted patents. (PTAB Case Nos. IPR2023-00427, IPR2023-00429, IPR2023-00430, IPR2023-00431, IPR2023-00432, IPR2023-00433.) Egnyte is not a party to the IPRs and has had no involvement in the IPRs. *See generally* Ex. 6 at 9-17. In the IPRs, Topia asserted that the IPR petitions were barred and that institution of the IPRs should be denied because Topia speculated that Egnyte allegedly was an RPI who should have been named as a petitioner. *E.g.*, Ex. 3,


COOLEY LLP
ATTORNEYS AT LAW

2.

PETITIONER'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER AND TO
QUASH DEPOSITION SUBPOENA

IPR2023-00427, Patent Owner's Preliminary Response at 4. Topia speculated that Egnyte might have involved in preparation of the IPRs based, in part, on Ms. Keefe's limited representation of Egnyte in connection with its § 101 motion hearing. *Id.* at 9-10. However, Ms. Keefe's declaration squarely refuted any speculation that Egnyte had been involved with the IPRs. *See generally* Ex. 2, ¶¶ 3-27.

On June 20, 2023, Topia took Ms. Keefe's deposition in the IPRs on the subject matter of her declaration, and Ms. Keefe repeatedly reaffirmed that she has not represented Egnyte on any issue other than the § 101 motion hearing and that Egnyte had no involvement in the IPRs. *See* Ex. 4 (redacted version of transcript of June 20, 2023, deposition of Ms. Keefe (Ex. 2018 in IPR2023-00427)), *e.g.*, 19:15-18, 37:6-12, 40:24-41:5, 46:19-47:5, 85:2-86:5, 173:6-174:23. Notwithstanding this clear record, Topia still argued that the IPRs should not be instituted for failure to name all RPIs because Egnyte was allegedly an RPI. *See, e.g.*, Ex. 5, IPR2023-00427, Patent Owner's Sur-Reply to Petitioners' Preliminary Reply to Patent Owner's Preliminary Response at 1-6 (citing deposition transcript as "EX2018").

The PTAB rejected Topia's theory about Egnyte's alleged involvement in the IPRs, citing Ms. Keefe's unrebutted testimony. *See, e.g.*, Ex. 6, IPR2023-00427, Paper 17, public version of Decision Granting Institution of IPR, at 9-17. For example, the PTAB stated:

> [T]he testimony of Ms. Keefe, undisputed at this stage, establishes that it was "agreed" she would argue the Section 101 motion for Egnyte because of her prior "extensive experience" arguing such motions in the District of Delaware. . . . She argued the motion on December 20, 2022, and at that point, her involvement and that of her firm in the Egnyte Litigation ended. . . . We find, therefore, that there is no record support for Patent Owner's allegation of collusion between Ms. Keefe and Egnyte "to circumvent the IPR statutory time bar and estoppel provisions."

*Id.* at 12. The PTAB extensively relied upon Ms. Keefe's deposition testimony, declaration, and supporting exhibits cited therein to determine that Egnyte was not an RPI of the IPR petitioners. *Id.* at 9-17; *e.g.*, Ex. 2, IPR2023-00427, public version of Ex. 1029 (hereafter, "Ms. Keefe's declaration").

The PTAB granted institution of two of the IPRs—rejecting Topia's RPI arguments in the

COOLEY LLP
ATTORNEYS AT LAW

3.

PETITIONER'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER AND TO
QUASH DEPOSITION SUBPOENA

process, as discussed above[1]—and denied institution of the other four IPRs on grounds unrelated to the RPI issue. *See, e.g.*, Ex. 6 IPR2023-00427, Paper 17, public version of Decision Granting Institution of IPR. Portions of Ms. Keefe's deposition transcript before the Board were redacted and sealed pursuant to a protective order entered by the PTAB in the instituted IPR proceedings, and the IPR Petitioners filed unopposed motions to expunge the redacted and sealed portions in the non-instituted IPRs. *See, e.g.*, Ex. 6, IPR2023-00427, Decision Granting Institution of IPR at 46 (granting motion to seal and entering protective order); Ex. 7, IPR2023-00430, Paper 19, Petitioners' Unopposed Motion to Expunge Confidential Information.

Subsequently, via email on July 27, 2023, counsel for Topia requested that IPR Petitioners grant permission to use Ms. Keefe's deposition transcript "in the related Egnyte district court case." Ex. 8, Email from R. Rachuba II to counsel for IPR Petitioners of July 27, 2023. IPR Petitioners did not consent to disclosure of Ms. Keefe's highly confidential deposition transcript outside of the IPRs. Ex. 9, Email from S. Whitt to counsel for Topia of August 24, 2023.

Topia subsequently served document subpoenas in the *Egnyte* litigation on Ms. Keefe and Cooley seeking, *inter alia*, a copy of her unredacted deposition transcript to use in the *Egnyte* litigation and other documents. Ex. 10, Subpoena to Produce Documents, Information, or Objects to Ms. Keefe, dated September 13, 2023; Ex. 11, Subpoena to Produce Documents, Information, or Objects to Cooley LLP, dated September 13, 2023. Ms. Keefe and Cooley served objections to the subpoenas. Ex. 12, Ms. Keefe's Objections and Responses to Topia's Document Subpoena, dated October 12, 2023; Ex. 13, Cooley LLP's Objections and Responses to Topia's Document Subpoena, dated October 12, 2023. To date, no further activity has occurred on those subpoenas.

On November 15, 2023, Topia emailed the Deposition Subpoena to counsel at Cooley who had responded to the prior subpoenas. Ex. 14, Email chain between G. Mason to counsel for Ms. Keefe, Email from G. Mason of November 15, 2023. On November 20, 2023, counsel for Ms. Keefe indicated (for the first time) that it would accept service via email of the Deposition Subpoena, making it effectively served on November 20, 2023. *Id.*, Email from A. Feng to G.

---

[1] Topia is still maintaining its RPI arguments in the instituted IPRs, which will be finally decided in forthcoming Final Written Decisions of the PTAB.

Mason of November 20, 2023. Counsel for Ms. Keefe and Topia subsequently agreed to meet and confer on November 29, 2023. The parties met and conferred on November 29, 2023, and Topia indicated that it would oppose this motion. Mead Decl., ¶ 21.

Notably, although the complaint in the *Egnyte* matter was filed almost two years ago on December 27, 2021 (Ex. 15, *Topia Technology, Inc. v. Egnyte, Inc.*, C.A. No. 21-1821-CJB (D. Del.), D.I. 1) and discovery has been open for most of that time, Topia did not send the Deposition Subpoena until two weeks ago, purporting to notice a deposition for November 30, 2023—the final day of fact discovery under the scheduling order in the *Egnyte* action. (Ex. 16, *Topia Technology, Inc. v. Egnyte, Inc.*, C.A. No. 21-1821-CJB (D. Del.), D.I. 119 at 1).) In addition, the subpoena seeks a deposition only ten days after the subpoena was effectively served, as noted above.

Ms. Keefe is a full-time practicing attorney who is a partner at Cooley and a member of the firm's Board of Directors. Mead Decl., ¶ 20.

### III. LEGAL STANDARDS

Under Rule 26(b), discovery may not be obtained unless it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"). A court must quash a subpoena where the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A court in "the district where the deposition will be taken" may enter a protective order forbidding the taking of a requested deposition, including to protect against "undue burden." Fed. R. Civ. P. 26(c)(1). Rule 26(c) confers broad discretion to district courts to decide "when a protective order is appropriate, and what degree of protection is required." *Elec. Scripting Prod., Inc. v. HTC Am. Inc.*, No. 17-CV-05806-RS (RMI), 2021 WL 3773607, at *2 (N.D. Cal. Aug. 25, 2021).

"The party issuing the subpoena must demonstrate that the information sought is relevant

and material to the allegations and claims at issue in the proceedings." *Free Stream Media Corp. v. Alphonso Inc.*, Case No. 17-cv-02107-RS (KAW), 2017 WL 6209309, at *3 (N.D. Cal. Dec. 8, 2017) (citation omitted). On a motion to quash, "the moving party has the burden of persuasion . . . but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Id.* (citation omitted) (granting motion to quash).

District courts quash subpoenas for imposing "undue burden" under Rule 45(d)(3) and/or issue protective orders under Rule 26(c) where, as here, the subpoena fails to seek relevant discovery and therefore would impose undue burden on a non-party. "Preparing and sitting for a deposition is always a burden, even when documents are not requested, particularly for a non-party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 405, 412 (C.D. Cal. 2014). When the subpoenaing party fails to demonstrate the relevance of the requested deposition, "any burden whatsoever imposed . . . would be by definition undue." *Audio MPEG, Inc. v. HP Inc.*, No. 16-mc-80271-HRL, 2017 WL 950847, *6 (N.D. Cal. Mar. 10, 2017). Accordingly, "courts have quashed subpoenas where the issuing party has failed to explain what non-privileged, relevant information the subpoenaed witness could offer." *Audio MPEG*, 2017 WL 950847 at *6, citing *Unigene Labs., Inc. v. Apotex, Inc.,* No. C07-80218 SI, 2007 WL 2972931, at *3-4 (N.D. Cal. Oct. 10, 2007). Where, as here, the requested discovery "is available from other sources and/or irrelevant, even the usual burden associated with sitting and preparing for a deposition would be undue." *Audio MPEG*, 2017 WL 950847, at *6.

Similarly, courts quash subpoenas where a party improperly seeks discovery as a fishing expedition to attempt to uncover "new claims, defenses, or surprise facts." *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC (LB), 2021 WL 4699170, at *2 (N.D. Cal. Oct. 8, 2021). In addition, courts have granted motions to quash deposition subpoenas and for protective orders when the information sought via deposition is either irrelevant to the underlying action or constitutes information that should have been more properly sought from a party to the underlying action. *E.g.*, *Elec. Scripting*, 2021 WL 3773607, at *4-5.

Courts have also granted motions to quash deposition subpoenas when the issuing party fails to give the requested deponent a "reasonable time to comply with a subpoena." *Free Stream*

*Media Corp. v. Alphonso Inc.*, No. 17-CV-02107-RS (KAW), 2017 WL 6209309, at *6 (N.D. Cal. Dec. 8, 2017) ("Regardless of whether Shazam had nine or ten days to comply with the subpoena, the Court also finds that the time for compliance was not reasonable given the timing and scope of the subpoena.").

To the extent Topia seeks discovery in district court on the RPI issue—which is solely relevant to the IPR proceedings—courts have held that it is improper to use a subpoena to attempt to circumvent the PTAB's discovery rules and protective orders by seeking discovery in parallel district court litigation aimed at circumventing such discovery rules and protective orders. *See, e.g.*, *MedIdea, L.L.C. v. DePuy Orthopaedics, Inc.*, No. CV 17-11172-LTS, 2018 WL 4039359, at *4-5 (D. Mass. Aug. 23, 2018) (granting motion to quash subpoena). Indeed, the dispositive legal principle articulated in *MedIdea* is that a party may not "circumvent the limited discovery rules governing IPR proceedings" by collaterally attacking a PTAB protective order and the PTAB's discovery rules via a district court subpoena. *Id.* The *MedIdea* court further held that it is "improper" to "attempt to gather information" in district court for "use in . . . pending IPR proceedings" when a party would "generally [not be] entitled to discover such information" in the PTAB. *Id.* at *5.

Other courts have acknowledged that "the PTAB has an intentionally narrower scope of discovery" and have refused to allow parties to effectively broaden such narrow scope via district court discovery. *Ericsson Inc. v. D-Link Corp.*, No. 6:10-CV-473, 2013 WL 12171970, at *1 (E.D. Tex. Dec. 20, 2013) (citing 35 U.S.C. § 316(a)(5)(B)); *Immunex Corp. v. Sanofi*, No. CV172613SJOPLAX, 2018 WL 11211727, at *2 (C.D. Cal. Jan. 18, 2018) ("discovery that is allowed with the PTAB is not identical to that permitted in the instant federal court action"). The *Ericsson* court denied requested discovery that would have "circumvent[ed]" the PTAB's limited discovery rules. *Ericsson*, 2013 WL 12171970, at *1 ("In essence, Ericsson would be able to use the Court's broader Rule 26 'relevancy' standard for discovery, yet subject Dell and Toshiba to the PTAB's narrower protections of confidentiality."). The *Immunex* court noted that the PTAB has "its own rules of evidence" and concluded that "[t]he rules applicable before the PTAB should determine what plaintiff is required to produce and defendants are permitted to rely upon."

*Immunex*, 2018 WL 11211727, at *2. The court wanted to "ensure that only discovery that is allowable in such proceedings is available to be utilized there." *Id.*

## IV.    ARGUMENT

### A.    Topia Fails To Demonstrate Any Reasonable Relevance in Burdening Ms. Keefe With a Deposition.

Topia's subpoena should be quashed, and the Court should enter an appropriate protective order, because Topia has failed to demonstrate that burdening Ms. Keefe with a deposition would have any reasonable relevance to any claim or defense in the *Egnyte* action.  Ms. Keefe is not a relevant witness on any claim or defense in the case, such as infringement, invalidity, or damages. Ms. Keefe has had nothing to do with the *Egnyte* action, and has never represented Egnyte in any matter, other than briefly serving as outside counsel arguing one motion hearing nearly a year ago. Egnyte also had no involvement in the IPRs where Ms. Keefe is counsel for Box and Dropbox.

Topia appears to seek additional deposition testimony from Ms. Keefe in an improper attempt to obtain discovery on the RPI issues raised at the PTAB.  But those issues are for the PTAB to decide, not a district court, as noted above with respect to the *Immunex*, *Ericsson*, and *MedIdea* cases.  As such, it would be unduly burdensome for Ms. Keefe to prepare and sit for deposition when she has no information reasonably relevant to the claims and defenses in the *Egnyte* case.  *Asetek*, 2021 WL 4699170, at *2 (quashing deposition because testimony would have been "irrelevant" to the purported issue of prosecution history estoppel); *Audio MPEG*, 2017 WL 950847, at *6; *Elec. Scripting*, 2021 WL 3773607, at *4-5; *Amini Innovation*, 300 F.R.D. at 412. As noted above, Ms. Keefe was already deposed in the PTAB, and redacted versions of her deposition transcript and declaration are publicly available.  Because the ostensible purpose of Topia's subpoena is either to seek duplicative deposition testimony that was already provided by Ms. Keefe in the PTAB or to circumvent the PTAB's protective order and discovery rules to obtain information that is irrelevant to any issue in the *Egnyte* litigation for use in the IPRs, the Deposition Subpoena should be quashed.

In addition, the Protective Order in the *Egnyte* litigation expressly prohibits the use of confidential information obtained via discovery in the *Egnyte* litigation for any purpose other than

prosecuting the Egnyte litigation.  Ex. 18, *Topia Technology, Inc. v. Egnyte, Inc.*, C.A. No. 21-1821-CJB (D. Del.), D.I. 32 at 1 ("Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or otherwise private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.").  Thus, Topia's attempt to obtain any confidential discovery from Ms. Keefe in the *Egnyte* case for use in the PTAB proceedings—including testimony about confidential client relationships that was redacted and kept under seal at the PTAB—would also violate the governing Protective Order in the *Egnyte* case.

Topia has not demonstrated any other relevance specifically to the *Egnyte* action.  During meet and confer discussions, counsel for Topia indicated that Topia might raise a purported "estoppel" theory based on speculation that Ms. Keefe secretly represented Egnyte on prior art invalidity issues in the *Egnyte* action, contrary to Ms. Keefe's sworn testimony at the PTAB. Mead Decl., ¶ 21.  Topia's theory is factually baseless and legally unfounded.  As Ms. Keefe already repeatedly confirmed under oath, she has not represented Egnyte on any issue other than the one § 101 motion hearing.  Moreover, even if hypothetically Ms. Keefe had secretly represented Egnyte in the district court action on prior art invalidity issues (which she did not), Topia has not identified any legally cognizable estoppel theory that would be supported by such hypothetical facts—let alone any such theory that has been properly and timely raised in the *Egnyte* action. Mead Decl., ¶ 21.  Topia has not pointed to any operative claim or defense pleaded by the parties in the *Egnyte* action to which its "estoppel" theory might pertain.  *Id.*

**B.    Any Discovery Relating to Egnyte Should Have Been Obtained From Egnyte, the Defendant in the Underlying Action.**

In addition to failing to demonstrate any relevance of the requested discovery, Topia also fails to demonstrate that any information it might seek to discover from Ms. Keefe could not have been obtained directly from Egnyte, the party in the litigation.  *Elec. Scripting*, 2021 WL 3773607, at *4-5 (granting motion to quash and for protective order in a "campaign to impermissibly saddle a non-party with the unjustified expense and burden of providing discovery that could have been – but was not – secured from a party to the litigation").

Topia appears to seek discovery regarding any potential representation of Egnyte by Ms. Keefe beyond the motion hearing she argued, or other discovery relating to Egnyte, for use in the *Egnyte* action. As such, any requests for discovery relating to Egnyte should have been directed in the first instance to Egnyte, the defendant in the underlying action. Topia has made no representation that it pursued the requested discovery directly from Egnyte, and no representation that it seeks any relevant discovery from Ms. Keefe that is uniquely possessed only by Ms. Keefe and not by Egnyte or its counsel in the Delaware action. Mead Decl., ¶ 21.

For this additional reason, the Deposition Subpoena should be quashed and a protective order entered. *Elec. Scripting*, 2021 WL 3773607, at *4-5.

### C. The Deposition Subpoena Is Untimely.

Finally, the Deposition Subpoena should be quashed because it is untimely, being served at the very end of a lengthy fact discovery period, with a deposition unilaterally noticed for the very last day of fact discovery. As noted above, Ms. Keefe was not effectively served until November 20, 2023, a mere 10 days before the requested deposition date. Ex. 14, Email chain between G. Mason to counsel for Ms. Keefe, Email from A. Feng to G. Mason of November 20, 2023. Topia waited to depose Ms. Keefe until the very last day of fact discovery in the *Egnyte* action (November 30, 2023), despite having many months to seek any discovery during the fact discovery period, and with full knowledge that Ms. Keefe and Cooley objected to the document request subpoenas Topia previously served. As noted above, courts have quashed subpoenas that have demanded a deposition with ten or fewer days of notice. *Free Stream*, 2017 WL 6209309, at *6 ("Regardless of whether Shazam had nine or ten days to comply with the subpoena, the Court also finds that the time for compliance was not reasonable given the timing and scope of the subpoena.").

### V. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter an order quashing the Deposition Subpoena and entry of a protective order that Topia's requested deposition of Ms. Keefe will not go forward in this or any other District Court. A proposed order is submitted herewith.

Dated: November 29, 2023

Respectfully Submitted:

*/s/ Lowell D. Mead*

COOLEY LLP
LOWELL D. MEAD (223989)
(lmead@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

SAMUEL K. WHITT (284770)
(swhitt@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Petitioner Heidi Keefe*

COOLEY LLP
ATTORNEYS AT LAW

11.

PETITIONER'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER AND TO
QUASH DEPOSITION SUBPOENA