UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKA MILLER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TRAVEL GUARD GROUP, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-09751-TLT<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 138 |

The Court approves the Motion for Preliminary Approval of Class Action Settlement. Hearing was held on February 27, 2024. Stephen Raab and Seth Safier appeared for plaintiff(s); and Matthew Powers appeared for defendant(s).

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

**I.  BACKGROUND**

Plaintiff(s) filed the putative class action complaint on December 17, 2021, against defendants Travel Guard Group, Inc., AIG Travel, Inc., American International Group, Inc. ("AIG"), and National Union Fire Insurance Company of Pittsburg, Pennsylvania. The pleadings allege that defendants included a discretionary "Assistance Fee" in addition to the regulated insurance premium as part of the total cost of Travel Guard insurance plans.  Plaintiff's amended complaint alleges claims for unfair business practices under California Business and Professions Code § 17200 *et seq.* ("UCL"); false advertising under California Business and Professions code § 17500 *et seq.* ("FAL"); fraud/deceit/misrepresentation; violation of Washington's Consumer

1  Protection Act under Revised Code of Washington 19.86.010 *et seq.* ("CPA"); and breach of the
2  duty of good faith.
3      The parties reached a settlement prior to class certification with the assistance of an
4  experienced mediator Robert A. Meyer.

    **B.**    **Terms of the Settlement Agreement**

6      Under the terms of the Settlement Agreement, defendant will pay $23,997,500.00 into a
7  common settlement fund, without admitting liability. This amount includes attorneys' fees and costs,
8  the cost of class notice and settlement administration, the class representative's service award, and
9  taxes and tax expenses.

    ***1.***    ***Attorneys' Fees and Costs***

11      Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to $7,199,250.00 in
12  attorneys' fees and no more than $236,475.58 in litigation costs.  The common settlement fund also
13  includes a provision for $450,000.00 in initial settlement administration costs; and up to $5,000 to be
14  paid to plaintiff(s) Tamika Miller, Julianne Chuanroong, and Stephanie Allen as an incentive award
15  in exchange for a general release of all claims against defendant.

    ***2.***    ***Class Relief***

17      After deductions from the common fund for fees, costs, and service incentive awards,
18  approximately $16,096,774.40 will remain to be distributed among the participating class members.
19  Class members will be paid in proportion to the Assistance Fees they paid.  Dividing this amount
20  across the approximately 750,000–1,250,000 participating class members yields an average recovery
21  of approximately $12.88–$21.46 per class member; however, class members are to be paid in
22  proportion with the amount of Assistance Fees they paid.  The Agreement provides that no amount
23  will revert to defendant. Additionally, Travel Guard will disclose to prospective purchasers that the
24  price of the travel plan includes both the regulated insurance premium and an additional fee for
25  "noninsurance travel related services."

    ***3.***    ***Cy Pres/Remainder***

27      The Settlement Agreement provides that after claims submission and distribution of fees,
28  expenses, and awards, the Net Settlement Fund will be distributed to class members who received

United States District Court
Northern District of California

1  cash payments in an amount to be determined. However, any funding left over will be paid to the *cy*
2  *pres* recipient, Travelers Aid International.

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B. Class Definition and Basis for Conditional Certification

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

3

"[A]ll persons, except Excluded Persons,[1] who purchased at least one Qualifying Travel Guard Plan[2] from December 17, 2017, through and including January 18, 2024 [who do not timely and properly exclude themselves from the Settlement Class]" ("the Settlement Class"). The proposed class here combines the classes from *Miller v. Travel Guard Grp.*, 21-cv-09751 (N.D. Cal.) and *Allen v. Travel Guard Grp.*, 22-cv-06005 (W.D. Wash.).

The Court finds that, for purposes of settlement, plaintiff(s) have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes up to 25 million members,[3] making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action – the unlawful, unfair, and/or deceptive nature of the Assistance Fees – is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff and members of the Settlement Class have all purchased Travel Guard plans and paid Assistance Fees during the relevant period, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have demonstrated that

---

[1] "[E]ach and every presiding District Judge and Magistrate Judge in the Actions . . . and their staff, and their immediate family members . . . the officers, directors, agents, servants, and current and former employees of Defendants who were employed by Defendants at any time on or after the start of the Class Period, and the immediate family members of such Persons . . . [and] any Person who received a complete refund for each and every Qualifying Travel Guard Plan purchased by that Person." Stip. of Class Action Settlement, ECF 173-2, Ex. 1, § 2.27, at 12.

[2] "[A]ny travel or event protection plan that included insurance coverage and noninsurance assistance services, that was sold by Travel Guard, and where the plan price, according to Travel Guard's records, included Assistance Fees and insurance premium. Stip. of Class Action Settlement, ECF 173-2, Ex. 1, § 2.63, at 20.

[3] The parties, however, estimate that only 3%–5% will file a claim, *i.e.*, 750,000–1,250,000 members. Nevertheless, numerosity is satisfied.

4

they are highly experienced, with a history of recovering settlements in nationwide class action litigation and are therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. Members of the class here will recover a cash payment in proportion to the Assistance Fees paid for.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C. Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as **Exhibit A** ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. There are several underlying disputes surrounding the amount of Assistance Fees paid by the class and their business legitimacy. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Even if plaintiff prevailed, the best-case recovery after trial was less than the amount offered in settlement because the Court has ruled that full recovery is impermissible under the plaintiffs' fraud theory.

The settlement occurred only after extensive discovery (over 180 requests) and litigation since the action commenced on December 17, 2021, including: production of hundreds of thousands of documents, interrogatories and stipulations, depositions, expert calculations, expert depositions, *Daubert* motions, and class certification in the *Miller* action. Counsel for both parties are highly experienced. The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

1	(i) the costs, risks, and delay of trial and appeal;

2	(ii) the effectiveness of any proposed method of distributing relief to the class, including the
3	method of processing class-member claims;

4	(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

5	(iv) any agreements required to be identified under Rule 23(e)(3), including the Settlement
6	Agreement. Stip. of Class Action Settlement, ECF 173-2, Ex. 1.

7	Moreover, the Settlement Agreement appears to treat Class members equitably relative to
8	each other.

9	As discussed during the hearing, the Court has concerns regarding the estimated response
10	rate of only 3%–5%, the method of notice, the amount of recovery per class member, and the
11	expansion of the class; however, the answers provided in supplemental briefing provided
12	additional context. Further, the Court will evaluate the Settlement Agreement fully at the hearing
13	for final approval.

14	Based on the foregoing, the Court conditionally certifies the class and provisionally
15	appoints Gutride Safier LLP as Class Counsel and plaintiffs Tamika Miller, Julianne Chuanroong,
16	and Stephanie Allen as class representative(s).

17	**III.   PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

18	**A.   Notice Plan**

19	A court must "direct notice [of a proposed class settlement] in a reasonable manner to all
20	class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be
21	notified of a proposed settlement in a manner that does not systematically leave any group without
22	notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate
23	notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to
24	apprise the Class members of the proposed settlement and of their right to object or to exclude
25	themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate,
26	and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable
27	requirements of due process and any other applicable requirements under federal law. Phillips
28	Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably

6

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law[4]. The Court encourages the parties to consider additional forms of notice, including but not limited to, social media, text messages, email, and postal mail.

The Court approves of the long form Notice of Proposed Class Action Settlement attached as **Exhibit B** to this Order. The Court also approves the e-mail Notice, **Exhibit C**, and Short-Form Notice (postcard) attached hereto as **Exhibit D**. Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing. The forms of plan of notice are therefore **APPROVED**.

### B. Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices.

In connection therewith, the Court approves the method of claim submission, detailed in the Notices, vis-à-vis the Settlement Website or through U.S. Mail.

---

[4] It is of utmost important to consider the demographic of the class and adjust the level of readability/comprehensibility of the language used, the size of the font, and presentations in languages other than English. *See Procedural Guidance for Class Action Settlements*, CAND, https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (rule 3, "NOTICE").

**C.      Settlement Administrator**

Angeion Group LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than May 7, 2024 ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Defendant directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than April 23, 2024.

**D.      Exclusion/Opt-Out**

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than August 13, 2024.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.  No later than September 17, 2024, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**E.      Objections**

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than August 13, 2024.

Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### F.     Attorneys' Fees and Class Representative Awards

Plaintiff(s) and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than July 9, 2024. Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than August 13, 2024.

Plaintiffs shall file a reply brief responding to any timely objection no later than September 17, 2024.

### G.     Fairness and Final Approval Hearing

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than July 9, 2024.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, October 1 at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than September 17, 2024.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### H.     Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements

and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | April 23, 2024 |
| Class Notice to be sent by | May 7, 2024 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | July 9, 2024 |
| Motion for Final Approval to be filed by | July 9, 2024 |
| Postmark deadline to submit objection or request for exclusion | August 13, 2024 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | September 17, 2024 |
| Fairness and Final Approval Hearing | October 1, 2024<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

Dated: April 9, 2024

TRINA L. THOMPSON
United States District Judge